Ellen C. Pitcher, OSB No. 81455
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: ellen_pitcher@fd.org
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

**vs.**

**RYAN SNIDER,**

          **Defendant.**

**CR No. 07-124-HA**

**PETITION TO ENTER PLEA OF GUILTY OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA**

The defendant represents to the court:

1.    My name is Ryan Snyder. I am _31_ years old. I have gone to school up to and including the Clackamas HS graduate 1994.

2.    My attorney is Ellen C. Pitcher.

        (O:\Client\Pitcher\Snider\Pleading\plea.pet)

3.      My attorney and I have discussed my case fully.  I have received a copy of the Superseding Information.  I have read the Superseding Information, or it has been read to me, and I have discussed it with my attorney.  My attorney has counseled and advised me concerning the nature of each charge, any lesser-included offense(s), and the possible defenses that I might have in this case.  I have been advised and understand that the elements of the charge(s) alleged against me to which I am pleading "GUILTY" are as follows: 1) knowingly distributed; 2) controlled substance; in District of Oregon.

I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case.  I understand that the court may ask whether I am satisfied with the advice I have received from my attorney.

4.      I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense(s) to which I am pleading guilty.  I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5.      I am not under the influence of alcohol or drugs.  I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason except as follows: ∅

I have not taken any drugs or medications within the past seven (7) days except as

follows: _____

_____ .

6.      I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7.      I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

> a.      The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;
>
> b.      The right to have the assistance of an attorney at all stages of the proceedings;
>
> c.      The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;
>
> d.      The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

e.    The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

f.    The right not to be compelled to incriminate myself.

8.    I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9.    In this case I am pleading "GUILTY" under Rule 11(c)(1)(C). My attorney has explained the effect of my plea under Rule 11(c)(1)(C) to be as follows:



If the court accepts the plea it is bound to sentence the defendant according to the plea bargain, or give the defendant the opportunity to withdraw his plea.

10.    I know the maximum sentence which can be imposed upon me for the crime(s) to which I am pleading guilty is 20 years imprisonment and a fine of $1,000,000. I also know there is a mandatory minimum sentence of 0 years imprisonment.

11.    I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $ 100 per count of conviction.

12.    I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13.    My attorney has discussed with me the Federal Sentencing Guidelines. I know the Guidelines are advisory, not mandatory. I also know the sentencing judge, in determining the particular sentence to be imposed, must consider those factors set forth in Title 18, United States Code, Section 3553(a), including, but not limited to: the nature and circumstances of the offense, my own history and characteristics, the goals of sentencing (punishment, deterrence, protection, and rehabilitation), and the advisory sentencing range established by the Guidelines. If my attorney or any other person has calculated an advisory guideline range for me, I know that this is only a prediction, and is only one of the factors that the judge will consider in making a final decision as to what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

14.    I know from discussion with my attorney that, under the Federal Sentencing Guidelines, if I am sentenced to prison I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I

earn. I can earn credit for good behavior in prison at a rate of up to 54 days for each

year of imprisonment served. Credit for good behavior does not apply to a sentence

of one year or less.

15.    I know that if I am sentenced to prison, the judge will impose a term of

supervised release to follow the prison sentence. During my supervised release term I

will be supervised by a probation officer according to terms and conditions set by the

judge. In my case, a term of supervised release can be _____ at least three to _____ years. If I violate

the conditions of supervised release, I may be sent back to prison for up to 2

year(s).

16.    I know that in addition to or in lieu of any other penalty, the judge can

order restitution payments to any victim of any offense to which I plead guilty. I am also

informed that, for certain crimes of violence and crimes involving fraud or deceit, it is

mandatory that the judge impose restitution in the full amount of any financial loss or

harm caused by an offense. If imposed, the victim can use the order of restitution to

obtain a civil judgment lien. A restitution order can be enforced by the United States

for up to twenty (20) years from the date of my release from imprisonment, or, if I am

not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully

refuse to pay restitution as ordered, a judge may re-sentence me to any sentence which

could originally have been imposed.

17.    On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18.    If I am on probation, parole, or supervised release in any other state or federal case. I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

19.    If I have another case pending in any state or federal court, I know that my Petition and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to my other case(s), and that I can be faced with consecutive sentences of imprisonment.

20.    My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor. That Plea Agreement is attached hereto and incorporated herein. I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

21.    The Plea Agreement contains the only agreement between the United States government and me. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of leniency if I plead "GUILTY"

except as stated in the Plea Agreement.  I understand that I cannot rely on any promise

or suggestion made to me by a government agent or officer which is not stated in writing

in the Plea Agreement, or which is not presented to the judge in my presence in open

court at the time of the entry of my plea of guilty.

22.    My plea of "GUILTY" is not the result of force, threat, or intimidation.

23.    I hereby request that the judge accept my plea of "GUILTY" to the

following count(s):

Count 1 of the Superceding Information:
Distribution of a Controlled
Substance (cocaine).

24.    I know that the judge must be satisfied that a crime occurred and that I

committed that crime before my plea of "GUILTY" can be accepted.  With respect to

the charge(s) to which I am pleading guilty, I represent that I did the following acts and

that the following facts are true: On or about August 24,
2006, I distributed a detectable quantity
of cocaine. I have later learned that, Through
a series of transactions, use of this cocaine resulted
in the death of an individual. This occurred
in the district of Oregon.

**Page 8 - PETITION TO ENTER PLEA OF GUILTY**

25.    I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Superseding Information, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

SIGNED by me in the presence of my attorney, after reading (or having had read to me) all of the foregoing pages and paragraphs of this Petition on this 10th day of October, 2007.

Ryan Snider
Defendant

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant Ryan Snyder, hereby certifies:

1.      I have fully explained to the defendant the allegations contained in the Superseding Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2.      I have personally examined the attached Petition To Enter Plea of Guilty And Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3.      I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and I have also explained to the defendant the applicable advisory Federal Sentencing Guidelines.

4.      I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition To Enter Plea of Guilty, and any Plea Agreement, on this 10th day of October, 2007.

Ellen C. Pitcher
Attorney for Defendant

## *ORDER ENTERING PLEA*

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this ___11___ of October, 2007, in open court.

The Honorable Ancer L. Haggerty
Chief Judge, U.S. District Court



U.S. Departmen  of Justice
**Karin J. Immergut**
**United States Attorney**
District of Oregon
1000 S.W. Third Avenue, Suite 600        Office: (503)727-1000
Portland, OR  97204-2902                 Fax: (503) 727-1117

_Scott M. Kerin_                                    _Direct: (503) 727-1002_
_Assistant United States Attorney_                  _Scott.Kerin@usdoj.gov_

October 10, 2007

Ellen Pitcher
Assistant Federal Public Defender
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, OR 97204

> **Re:**   _United States v. Ryan Snider,_ **07-124-HA**
> **Rule 11(c)(1)(C) Amended Plea Agreement**

Dear Ms. Pitcher:

In an effort to resolve your client's criminal case, the government proposes the following plea offer:

1.     **Parties/Scope**:  This plea agreement is between the United States Attorney's Office for the District of Oregon (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any other charges other than those specifically mentioned herein.

2.     **Charges**:  Defendant agrees to plead guilty to a Superseding Information which charges that on or about August 21, 2006, here in the District of Oregon, your client distributed a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C).

3.     **Penalties**:  The maximum sentence is twenty years imprisonment, a fine of $1,000,000, at least three years of supervised release, and a $100 fee assessment.  Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the court why this cannot be done.

4.     **Dismissal/No Prosecution**:  The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this drug investigation, known to the USAO at the time of this agreement.  At the time of sentencing the USAO will also ask the court to dismiss the original indictment.  The defendant is also facing state drug charges in Washington County, Oregon that arise from a search warrant that was executed on the defendant's residence.  The search warrant resulted from this investigation but is a separate matter.  The Washington County District Attorney's has informed the parties that, as part of a global resolution of the two cases, they will require the defendant to plead guilty to a state charge of delivery of a controlled substance.  The

***U.S. v. Ryan Snider***, 07-124-HA
Amended Plea Agreement
October 10, 2007
Page 2

Washington County District Attorney's Office has also informed the parties that they will ask the
state court to impose a probationary sentence and that any custody time be served concurrently to
the federal sentence. The terms of the Washington County plea agreement are a separate matter
that has been worked out between the defendant, his state defense attorney, and the District
Attorney's Office.

5.      **Sentencing Factors**:  The parties agree that pursuant to *United States v. Booker/Fanfan*,
543 U.S. 220 (2005), the court must determine an advisory sentencing guideline range pursuant
to the United States Sentencing Guidelines (U.S.S.G.).  The court will then determine a
reasonable sentence within the statutory range after considering the advisory sentencing
guideline range and the factors listed in 18 U.S.C. § 3553(a).  The parties' agreement herein
to any guideline sentencing factors constitutes proof of those factors sufficient to satisfy the
applicable burden of proof.

6.      **Factual Summary**: The defendant admits that on or about August 21, 2006, in the
District of Oregon, he sold a quantity of cocaine, a Schedule II controlled substance, to an
individual.  Defendant further admits that the cocaine he sold, through a chain of subsequent
sales, ended up being sold to another individual and that the cocaine caused this other person's
death.

7.       **Relevant Conduct**:  The parties agree that defendant's relevant conduct pursuant
to U.S.S.G. §§ 1B1.3 and 2D1.1(a) is between 50 and 100 grams of cocaine.  The parties
further agree that the offense of conviction establishes that death resulted from the use of the
controlled substance and thus defendant's **initial base offense level is 38**, prior to adjustments.

8.      **Acceptance of Responsibility**:  Defendant must demonstrate to the court that he fully
admits and fully accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this
case.  If defendant does so, the USAO will recommend a **three-level reduction** in defendant's
offense level. The USAO reserves the right to change this recommendation if defendant,
between plea and sentencing, commits any new or additional criminal offense, obstructs or
attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with
acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9.      **Cooperation Terms**:  The following terms and conditions will govern your client's
substantial assistance to the government in the prosecution of others:

        A.      **Information**: Defendant represents that any proffers provided prior to signing
this agreement have been complete and truthful.  Defendant agrees to provide complete and
truthful information relating directly or indirectly to any criminal activity.  Such proffer

*U.S. v. Ryan Snider*, 07-124-HA
Amended Plea Agreement
October 10, 2007
Page 3

includes producing any and all documents, records, writings, tangible objects, or materials in
defendant's possession or control which relate to that criminal activity.  Defendant agrees to
cooperate with any efforts and requests by the USAO to verify that the information provided is
complete and truthful.

      B.     **Use Immunity**:  Except as otherwise stated herein, in return for defendant's
cooperation and information, the USAO agrees not to use such information, or any information
directly or indirectly derived from such information, against the defendant in any legal
proceeding.  The protections for defendant under this agreement do not extend to crimes of
violence, unless otherwise specifically indicated.

      C.     **Collateral Use**:  If defendant should testify materially contrary to the substance
of the proffer, or otherwise presents in any legal proceeding a position materially inconsistent
with the proffer, any information or evidence obtained through that proffer may be used against
defendant in any fashion, including as the basis for a prosecution for offenses involving perjury,
false declaration before a grand jury or court, false statement, and obstruction of justice.

      D.     **Sentencing Information**:  Defendant understands that the USAO, pursuant to
18 U.S.C. § 3661, must provide the information given under this agreement to the PSR writer
and sentencing judge.  U.S.S.G. § 1B1.8 governs the use of such information in determining
defendant's applicable guideline sentencing range.

      E.     **Testimony**:  Defendant agrees, pursuant to this plea agreement and as a
condition of any probation/supervised release in this case, to testify under oath completely and
truthfully in any federal or state Grand Jury, trial, hearing, or any other proceeding to which
defendant may be called as a witness, including but not limited to any proceedings involving his
source of supply, Joseph Arzt, and David Floyd Lee.

      F.     **Best Efforts**:  Any benefit defendant may receive under this agreement is
solely dependent upon whether defendant's best efforts are used in cooperating truthfully and
completely, and are not dependent upon the identification, arrest, prosecution, or conviction
of any person for any crime.

      G.     **Breach of Cooperation**:  It is expressly understood and agreed by the parties
that the determination of whether these cooperation terms have been breached rests exclusively
with the USAO, so long as that determination is made in good faith and not arbitrarily.  Should
defendant knowingly give false, misleading, or incomplete information or testimony, or
otherwise violate any of these cooperation terms, the parties agree that:  (1) defendant may not
withdraw any guilty plea; (2) the USAO is free to make any sentencing recommendation and
is not bound by this agreement; (3) statements and information from defendant under this

*U.S. v. Ryan Snider*, 07-124-HA
Amended Plea Agreement
October 10, 2007
Page 4

agreement or any previous proffer agreement may be used for any purpose without any "use immunity" to defendant; and (4) defendant may be prosecuted for any crime, whether or not such crime was the subject of this agreement.

      H.    **Substantial Assistance Departure**:  Should the defendant provide substantial assistance to the government and so long as your client remains in compliance with this agreement the USAO will recommend a **downward departure** pursuant to U.S.S.G. § 5K1.1 (and 18 U.S.C. § 3553(e) if necessary) and/or Rule 35 of the Federal Rules of Criminal Procedure to fulfill the sentencing recommendations as outlined below.

10.    **Sentencing Recommendation**:  Pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. §§ 3553(a) and 3553(e), and so long as defendant demonstrates an acceptance of responsibility as explained above and provides substantial assistance in the prosecution of others as outlined above, the parties will recommend that the court sentence the defendant to a sentence of **72 months imprisonment, to be followed by three years of supervised release**.

11.    **Fines and fees**:  The USAO will not seek a fine in this case.

12.    **Forfeiture and Abandonment**:  By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which were seized in this case and are subject to forfeiture pursuant to 21 U.S.C. § 853, which defendant admits constitutes the proceeds of the criminal conspiracy, were derived from the criminal conspiracy, were used to facilitate the criminal conspiracy, or were involved in the criminal conspiracy in violation of 21 U.S.C. § 846, these assets include: **a 2007 Interstate Cargo Trailer, VIN # 4RACS20217N 050243 and $6,870.00 in U.S. currency**.  Defendant agrees to withdraw any claims that he may have filed to any of these assets.  Defendant also knowingly and voluntarily waives the right to a jury trial on the forfeiture of these assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon defendant in addition to forfeiture.

13.    **Additional Departures**:  The parties agree not to seek any additional departures or adjustments.

14.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds unless (1) the sentence imposed exceeds the statutory maximum or (2) the court arrives at an advisory

*U.S. v. Ryan Snider*, 07-124-HA
Amended Plea Agreement
October 10, 2007
Page 5

sentencing guideline range by applying an upward departure under the provisions of Guidelines
Chapter 5K or (3) the court exercises its discretion under 18 U.S.C. § 3553(a) to impose a
sentence which exceeds the advisory guideline sentencing range.  Should defendant seek an
appeal, despite this waiver of that right, the USAO may take any position on any issue on appeal.
Defendant also waives the right to file any collateral attack, including a motion under
28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on
grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and
18 U.S.C. § 3582(c)(2).


15.     **Court Bound by Agreement once Plea is Accepted**:  Because this agreement is made
under **Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure,** the court is bound by
the recommendations of the parties once it accepts the plea agreement.  Should the court decline
to follow the agreements or recommendations herein, and decide a sentence of more than 72
months imprisonment is appropriate, the defendant may then, and only then, withdraw from the
plea agreement.


16.     **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer
and the court of the facts and law related to defendant's case.  Except as set forth in this
agreement, the parties reserve all other rights to make sentencing recommendations and to
respond to motions and arguments by the opposition.


17.     **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or
commits any new criminal offenses between signing this agreement and sentencing, the USAO is
relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.


18.     **Total Agreement**:  This letter states the full extent of the agreement between the
parties.  There are no other promises or agreements, express or implied.  If defendant accepts
this offer, please sign and attach the original of this letter to the Petition to Enter Plea.


                              Sincerely,

                              KARIN J. IMMERGUT
                              United States Attorney


                              SCOTT M. KERIN
                              Assistant United States Attorney

*U.S. v. Ryan Snider*, 07-124-HA
Amended Plea Agreement
October 10, 2007
Page 6

### *United States v. Ryan Snider*, 07-124-HA
### Rule 11(c)(1)(C) Amended Plea Agreement

I hereby freely and voluntarily accept the terms and conditions of this plea offer, after first reviewing and discussing every part of it with my attorney.   I am satisfied with the legal assistance provided to me by my attorney.  I wish to plead guilty because, in fact, I am guilty. I admit that on or about August 21, 2006, in the District of Oregon, I sold a quantity of cocaine, a Schedule II controlled substance, to an individual.  I further admit that the cocaine I sold was in turn sold to several other people and that the eventual recipient of the cocaine died as a result of using some of the cocaine I originally sold.

10/11/07
Date

Ryan Snider
Defendant

I represent defendant as legal counsel.  I have carefully reviewed and discussed every part of this agreement with defendant.  To my knowledge defendant's decisions to enter into this agreement and to plead guilty are informed and voluntary ones.

10/11/07
Date

Ellen Pitcher
Attorney for Defendant